Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
Integon Preferred Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Integon Preferred Insurance Company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>David W. Rogers; Patricia Rogers; Greg Cabral; Daniella Cabral; MC, through her guardian ad litem Richard Cabral; AC, through her guardian ad litem Richard Cabral; CC, through her guardian ad litem Richard Cabral; California Automobile Insurance Company; and Kaiser Foundation Health Plan, Inc.;<br><br>　　　　Defendants. | Case No. 21-cv-1173<br><br>**Complaint for Declaratory Relief**<br><br>**Demand for Jury Trial** |

Plaintiff Integon Preferred Insurance Company alleges as follows:

## Jurisdiction

1. Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

2. Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, one or more defendants resides in this judicial district.

## Parties

3. Integon Preferred is a corporation incorporated under the laws of North Carolina. Its principal place of business is in North Carolina.

4. Defendant David W. Rogers is a natural person. He is a citizen of California. He resides in California.

5. Defendant Patricia Rogers is a natural person. She is a citizen of California. She resides in California.

6. Defendant Greg Cabral is a natural person. He is a citizen of California. He resides in California.

7. Defendant Daniella Cabral is a natural person. She is a citizen of California. She resides in California.

8. Defendant MC is a natural person. She is a citizen of California. She resides in California. She is a minor. She is being sued through her guardian ad litem Richard Cabral.

9. Defendant AC is a natural person. She is a citizen of California. She resides in California. She is a minor. She is being sued through her guardian ad litem Richard Cabral.

10. Defendant CC is a natural person. She is a citizen of California. She resides in California. She is a minor. She is being sued through her guardian ad litem Richard Cabral.

11.  Defendant California Automobile Insurance Company is a corporation incorporated under the laws of California. Its principal place of business is in California.

12.  Defendant Kaiser Foundation Health Plan, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in California.

## General Allegations

13.  Integon Preferred is an insurance company. On June 1, 2019, Integon Preferred insured David W. Rogers under auto policy no. 2003528861 (the "Integon Preferred policy").

14.  The policy form to the Integon Preferred policy, in the first and second paragraphs of the cover sheet, told David W. Rogers in bold text:

> This policy is a legal contract between you and us. These policy provisions with the Declarations page, applications and endorsements, if any, issued to form a part thereof, complete this policy.
>
> IMPORTANT:   Please read your California Personal Auto Policy carefully as it contains language which may restrict or exclude coverage. The policy specifically addresses who may use your vehicle and under what conditions coverage will be afforded.

15.  A true and correct copy of the policy form to the Integon Preferred policy is attached as Exhibit "1" and its terms are incorporated in full herein.

16.  On June 1, 2019, the Declarations page to the Integon Preferred policy told David W. Rogers the policy scheduled a 2007 Porsche Boxster. The Declarations page also told him, in a paragraph labeled "Important Notice" and in capitalized, bolded and underlined text:

> NOTE: THE MAXIMUM AMOUNT PAYABLE FOR BODILY INJURY AND PROPERTY DAMAGE UNDER THE LIABILITY COVERAGE PART A OF THIS POLICY SHALL BE $15,000/$30,000/$5,000 FOR DRIVERS NOT LISTED IN THE DECLARATIONS AND UNDER SPECIFIED SITUATIONS SET FORTH IN THE POLICY AND ENDORSEMENTS.

17. The Declarations page, in a separate section labelled "Forms and Endorsements, listed four items. The first item listed was Endorsement 07501, Edition 07012015.

18. A true and correct copy of the Declarations page to the Integon Preferred policy is attached as Exhibit "2" and its terms are incorporated in full herein.

19. On June 1, 2019, Endorsement 07501 to the Integon Preferred policy told David W. Rogers that it changed portions of the policy and that he should read it carefully. It told him the heading "Exclusions" in coverage Part A was replaced by the heading "Exclusions and Limitations." It told him item E was being added to "Exclusions and Limitations" as follows:

> E. The following Items are added to PART A, EXCLUSIONS AND LIMITATIONS section A:
>
> 22. **Bodily injury** or **property damage** resulting when **your covered auto** is being used, operated or driven by an individual who is driving while intoxicated or under the influence of alcohol or an illegal substance is **LIMITED TO THE MIMIMUM COVERGE REQUIRED BY CALIFORNIA LAW [$15,000/$30,000/$5,000]**.
>
> …

20. A true and correct copy of Endorsement 07501 to the Integon Preferred policy is attached as Exhibit "3" and its terms are incorporated in full herein.

21. On June 1, 2019, David W. Rogers was driving the 2007 Porsche Boxster scheduled on the Integon Preferred policy. Patricia Rogers was in the front passenger seat. The vehicle left the road and collided with a residential home occupied by Greg Cabral, Daniella Cabral, MC, AC, and CC (the "accident").

22. On February 25, 2021, Greg Cabral, Daniella Cabral, MC, AC, and CC filed a complaint against David W. Rogers and Patricia Rogers in Orange County Superior Court, styled *Cabral v. Rogers et al.*, case no. 30-2021-01186301-CU-PA-CJC (the "state court injury action"). A true and correct copy of the complaint in the state court injury action is attached as Exhibit 4.

23. In the complaint in the state court injury action, Greg Cabral, Daniella Cabral, MC, AC, and CC each seek to recover damages for bodily injury and/or property damage they claim they suffered in the accident.

24. In the complaint in the state court injury action, Greg Cabral, Daniella Cabral, MC, AC, and CC allege David W. Rogers was intoxicated and driving under the influence of alcohol at the time of the accident.

25. Greg Cabral, Daniella Cabral, MC, AC, and CC each seek more than $75,000 in damages in the state court injury action.

26. California Automobile Insurance Company was Daniella Cabral's homeowner's insurer at the time of the accident. It has made a claim with Integon Preferred for money it allegedly paid for damage to Daniella Cabral's property. It seeks in excess of $200,000.

27. Kaiser Foundation Health Plan, Inc. claims it was Greg Cabral, Daniella Cabral, MC, AC, and CC's health insurer at the time of the accident. It has made a lien claim with Integon Preferred for money it

allegedly paid for medical expenses incurred by Greg Cabral, Daniella Cabral, MC, AC, and/or CC as a result of the accident.

28.  David W. Rogers was arrested and charged with two counts as a result of the accident, violating CALIFORNIA VEHICLE CODE § 23153(a) for causing injury while driving under the influence of alcohol and CALIFORNIA VEHICLE CODE § 23153(b) for causing injury while driving with a blood alcohol content of 0.08% or more.

29.  David W. Rogers pled guilty to each charge.

30.  Greg Cabral's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

31.  Greg Cabral's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

32.  Greg Cabral's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

33.  Greg Cabral's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

34.  Daniella Cabral's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

35.  Daniella Cabral's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

36. Daniella Cabral's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

37. Daniella Cabral's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

38. MC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

39. MC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

40. MC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

41. MC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

42. AC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

43. AC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

44. AC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

45. AC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

46. CC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

47. CC's claimed bodily injury from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

48. CC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while intoxicated.

49. CC's claimed property damage from the accident resulted from David W. Rogers driving the 2007 Porsche Boxster while under the influence of alcohol.

## First Cause of Action

*(Declaratory Relief – Against all Defendants)*

50. Integon Preferred incorporates the allegations in paragraphs 1–49 as though fully set forth within this first cause of action.

51. An actual controversy exists between Integon Preferred and each defendant. On the one hand, Integon Preferred contends it has no obligation under the Integon Preferred to pay more than $30,000 for all bodily injury and $5,000 for all property damage as a result of the accident, because David W. Rogers was driving the 2007 Porsche Boxster while intoxicated or under the influence of alcohol. On the other hand, Integon Preferred is informed and believes and thereon alleges that each defendant contends that Integon Preferred has an obligation under the Integon Preferred policy to pay more than $30,000 for all bodily injury and $5,000 for all property damage as a result of the accident.

52. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of Integon Preferred and each defendant under the Integon Preferred policy, specifically, for a declaration that Integon has no obligation under the Integon

Preferred to pay more than $30,000 for all bodily injury and $5,000 for all property damage as a result of the accident.

### Prayer

Wherefore, Integon Preferred prays for judgment as follows:

1. For a judicial declaration that Integon Preferred has no obligation under the Integon Preferred to pay more than $30,000 for all bodily injury and $5,000 for all property damage as a result of the accident;

2. For costs of suit incurred herein; and

3. For such further relief the court deems just and proper.

July 7, 2021          PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff Integon Preferred Insurance Company

### Demand for Trial by Jury

Integon Preferred demands a jury trial on all issues in this action.

July 7, 2021          PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff Integon Preferred Insurance Company